IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FLORETTA RESPRESS | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:15-CV- 314(CAR) |
| | : | |
| NAVICENT HEALTH, INC., CHERYL VARNADOE, RHONDA HAMPTON, and TERESA WALSTON, | : : : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Floretta Respress, proceeding *pro se*, filed this employment discrimination and retaliation suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against Defendants Navicent Health, Inc., Cheryl Varnadoe, Rhonda Hampton, and Teresa Walston.[1]  Before the Court is Defendants' Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Having considered the Motion, the pleadings, and the applicable law, Defendants' Motion to Dismiss [Doc. 11] is **GRANTED in part**, and **DENIED in part without prejudice**. Specifically, Defendants Cheryl Varnadoe, Rhonda Hampton, and Teresa Walston's Motion is **GRANTED**, as Title VII relief is not available against individual employees. However, Defendant Navicent Health, Inc.'s Motion is **DENIED without prejudice** to

---

[1] Plaintiff improperly identified the three individuals as "Cheryl H. Varnador," "Ronda Hampton," and "Terri Walston."

provide Plaintiff an opportunity to recast her Complaint. Pursuant to Rule 12(e), the Court **ORDERS** Plaintiff to provide a more definite statement of her claim(s) and recast her Complaint within twenty-one (21) days of the date of this Order.

## LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[5]

When determining the adequacy of the allegations in the complaint, the Court remains mindful that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[6] Nevertheless,

---

[2] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[4] *Id.*
[5] *Bell Atlantic Corp.*, 550 U.S. at 556.
[6] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

"[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'"[7]

## BACKGROUND

On August 17, 2015, Plaintiff, proceeding *pro se*, filed a complaint against Defendants Navicent Health, Cheryl Varnadoe, Rhonda Hampton, and Teresa Walston alleging Defendants retaliated against her in violation of Title VII.  Plaintiff claims she was retaliated against due to "speaking up about how [she] was treated."[8]  Specifically, Plaintiff claims Defendants treated her unfairly, lied about her performance, and reduced her work hours after she complained of discriminatory treatment concerning policies and procedures.[9]   Plaintiff also seems to assert a discrimination claim under Title VII, stating Defendants discriminated against her "due to the nature of who [she is]."[10] However, Plaintiff does not indicate what type of discrimination occurred.[11]    Defendants now seek dismissal, arguing Plaintiff failed to state a claim for retaliation or discrimination under Title VII.

---

[7] *United States v. Korman*, No. 07-80998-Civ., 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).
[8] Pl. Compl., [Doc. 1], at p. 2.
[9] *Id*.
[10] Pl. Compl., Cover Letter, [Doc.1-1] at p. 1.
[11] Pl. Compl., [Doc. 1], at p. 2. Plaintiff only checked the box for "other" with regard to the type of discrimination and then asserted her retaliation claim.

## DISCUSSION

Title VII Claims against Individual Defendants

Plaintiff asserts claims under Title VII against Defendants Cheryl Varnadoe, Rhonda Hampton, and Teresa Walston as individual employees of Navicent Health. However, the Eleventh Circuit has repeatedly held "[t]he relief granted under Title VII is against the employer, not [against] individual employees whose actions would constitute a violation of the Act."[12]  Thus, relief under Title VII is not available against individual employees.[13]

Accordingly, Defendants Varnadoe, Hampton, and Walston's Motion to Dismiss is **GRANTED**, and Plaintiff's claims against them are dismissed.

Title VII Claims against Defendant Navicent Health

Plaintiff also asserts Title VII retaliation and discrimination claims against Defendant Navicent Health.  Defendant seeks dismissal of these claims for failure to state a claim upon which relief can be granted.

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[14]  Rule 10(b) further provides that the claims in a complaint must be stated "in numbered paragraphs, each limited as far as practicable

---

[12] *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (per curiam) (quoting *Hinson v. Clinch Cnty. Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000)) (internal quotation marks omitted).

[13] *See Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that "[i]ndividual capacity suits under Title VII are ... inappropriate").

[14] Fed. R. Civ. P. 8(a)(2).

4

to a single set of circumstances."[15] In addition to these procedural requirements, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[16] A claim is "facially plausible" when it is supported with facts that "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

Plaintiff's Complaint, accompanied with her Cover Letter, does not comply with the above requirements. The Complaint omits crucial facts regarding what policies and procedures Plaintiff complained of and how they were discriminatory. Indeed, it's unclear to the Court and Defendant whether Plaintiff complained of discrimination based on race, color, religion, sex, or national original, as she only says she was treated unfairly and discriminated against "due to the nature of who [she is]."[18] Additionally, the Complaint only lists a retaliation claim, but the attached Cover Letter suggests both discrimination and retaliation claims without separating out the facts for each claim.[19]

Currently, Plaintiff's Complaint does not give Defendant sufficient notice of the claims asserted against it, and it does not give the Court an adequate basis for determining

---

[15] Fed. R. Civ. P. 10(b).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[17] *Id*.

[18] Pl. Compl., Cover Letter, [Doc.1-1] at p. 1.

[19] *See Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) ("Plaintiffs' complaint is a 'shotgun' pleading in that it lumps multiple claims together in one count"); *see also Starship Enter. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1251 (11th Cir. 2013) (describing the problems caused by shotgun pleadings); *Ankh Meduty v. Ga. Dep't of Admin. Services*, No. 1:12-cv-3240-JEC, 2013 WL 11332719, at *2 (N.D. Ga. Sept. 30, 2013) (requiring the plaintiff to recast his complaint because the original complaint was a shotgun pleading) (citing *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x. 91, 93 (11th Cir. 2009)).

whether Plaintiff has a "plausible claim" for relief.[20] Although Defendant "did not expressly request the remedy available to [it] under Rule 12(e), [requesting a more definite statement,] the Court has the 'inherent authority' to act on its own and *sua sponte* direct a plaintiff to replead a complaint to provide a more definite statement of the claims."[21] Thus, rather than dismiss the Complaint under Rule 12(b)(6), the Court will give Plaintiff an opportunity to restate her claim so that it complies with the federal rules and pleading standard.[22] Prior to submitting the restated claim, Plaintiff should review Rules 8, 10, and 11 of the Federal Rules of Civil Procedure.

As required by the applicable rules, Plaintiff's restated Complaint should include all of the facts necessary to evaluate whether Plaintiff has a plausible claim for relief against Defendant. To state a cognizable discriminatory termination claim in violation of Title VII, Plaintiff must demonstrate that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside her protected class or was treated less favorably than a similarly-

---

[20] *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678.

[21] *Hooper v. City of Montgomery*, 482 F.Supp.2d 1330, 1338 (M.D. Ala. 2007) ("If a defendant needs more information to answer a complaint, the proper response is for that defendant to move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure, rather than to move for dismissal." (citing *Anderson v. Dist. Bd. of Trustees Cent. Fla. Comm.*, 77 F. 3d 364, 366 (11th Cir. 1996))).

[22] *See Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 557 (11th Cir. 2013) (noting the district court's power to order a more definite statement *sua sponte*) (citing *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 907 (11th Cir. 1996)); *see also Severe v. Bank of America*, No. 1:13-cv-2724-WSD, 2014 WL 988872, at *5, n.3 (N.D. Ga. March 14, 2014) ("The Court must allow a pro se plaintiff the opportunity to amend her complaint at least once before dismissing the action with prejudice if a more carefully drafted Complaint could state a claim." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled on other grounds*, by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (en banc) (not addressing pro se plaintiffs))).

situated individual outside his protected class.[23]  While Plaintiff is not required to specifically plead these requirements in her amended complaint, she must "provide enough factual matter (taken as true) to suggest intentional race discrimination."[24]

Additionally, to prove she was discharged in retaliation for complaining to human resources of discriminatory treatment, Plaintiff must show (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) a causal relationship exists between her protected activity (complaining to human resources) and the adverse action (her reduced work hours).[25]  To establish she engaged in a protected activity, Plaintiff must show she opposed a practice forbidden under Title VII, such as race or sex discrimination, or she made a charge, testified, assisted, or participated in any manner in a Title VII investigation, proceeding, or hearing.[26]  Again, although Plaintiff is not required to specifically plead these requirements in her Complaint, she must provide enough factual matter (taken as true) to suggest retaliation.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss [Doc. 11] is **GRANTED in part**, and **DENIED in part without prejudice**.  Specifically, Defendants Cheryl Varnadoe, Rhonda Hampton, and Teresa Walston's Motion is **GRANTED**, and Plaintiff's claims

---

[23] *Maynard v. Bd. of Regents of Div. Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).

[24] *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008).

[25] *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

[26] 42 U.S.C. § 2000e–3(a).

against them are dismissed.  However, Defendant Navicent Health, Inc.'s Motion is **DENIED without prejudice** to provide Plaintiff an opportunity to recast her Complaint. The Court **ORDERS** Plaintiff to file a more definite statement of her claims and recast her Complaint within twenty-one (21) days of the date of this Order.

      **SO ORDERED**, this 1st day of August, 2016.

                            S/ C. Ashley Royal
                            C. ASHLEY ROYAL
                            UNITED STATES DISTRICT JUDGE

CML/ssh