IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FLORETTA RESPRESS | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 5:15-CV-314 (CAR) |
| | : | |
| NAVICENT HEALTH, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

### ORDER ON DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

Plaintiff Floretta Respress, proceeding *pro se*, filed an employment discrimination and retaliation suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against Defendant Navicent Health, Inc.  Before the Court is Defendant's Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the Motion, the pleadings, and the applicable law, Defendant's Motion to Dismiss [Doc. 26] is **GRANTED**.

### LEGAL STANDARD

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[1]  To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[1] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

claim to relief that is plausible on its face.'"[2]  A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3]  The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[4]

When determining the adequacy of the allegations in the complaint, the Court remains mindful that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[5]  Nevertheless, "[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'"[6]

## BACKGROUND

On August 17, 2015, Plaintiff filed her *pro se* complaint against Defendant alleging Defendant retaliated against her in violation of Title VII for "speaking up about how [she] was treated."[7]  Specifically, Plaintiff claimed Defendant treated her unfairly, lied

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[3] *Id.*
[4] *Bell Atlantic Corp.*, 550 U.S. at 556.
[5] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).
[6] *United States v. Korman*, No. 07-80998-Civ., 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).
[7] Pl. Compl., [Doc. 1], at p. 2.  Plaintiff also filed suit against Cheryl Varnadoe, Rhonda Hampton, and Teresa Walston.  However, because Title VII relief is not available against individual employees, they were dismissed from the case.  *See* [Doc. 23].

about her performance, and reduced her work hours after she complained of discriminatory treatment concerning policies and procedures.[8]  Plaintiff also seemed to assert a discrimination claim under Title VII, stating Defendant discriminated against her "due to the nature of who [she is]."[9]  However, Plaintiff did not indicate what type of discrimination occurred.[10]

On January 8, 2016, Defendant filed its first motion to dismiss, arguing Plaintiff failed to state a claim for retaliation or discrimination under Title VII.  After ordering Plaintiff to file a response to the motion, this Court granted denied Defendant's motion without prejudice.  Because Plaintiff's Complaint did not provide Defendant sufficient notice of the claims asserted against it and did not give the Court an adequate basis for determining whether Plaintiff had a plausible claim for relief, the Court provided Plaintiff an opportunity to restate her claim so as to comply with the federal rules and pleadings standards.  Further, the Court's Order provided Plaintiff with detailed instructions as to what the Amended Complaint should include for both a retaliation and discrimination claim.[11]

On August 23, 2016, Plaintiff submitted the following response to the Court's Order, which the Court construes as Plaintiff's Amended Complaint:

---

[8] *Id*.
[9] Pl. Compl., Cover Letter, [Doc.1-1] at p. 1.
[10] Pl. Compl., [Doc. 1], at p. 2. Plaintiff only checked the box for "other" with regard to the type of discrimination and then asserted her retaliation claim.
[11] Court's Order, Aug. 1, 2016, [Doc. 23] at p. 5-8.

> This is in regard to the retaliation of [T]itle VII. What is in question is in regard to the type of retaliation that was shown to the plaintiff. The fact that the plaintiff spoke up about herself being treated *unfairly* is a direct relation to her hours being cut which eventually lead to her termination. The individuals who participated in her performance evaluation also lied in regards to her performance. The plaintiff also has a recording of the phone interview in which she was denied unemployment and would like to consider this information toward her right to claim unemployment.[12]

Shortly thereafter, Defendant filed its second Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6), arguing, despite clear guidance from this Court, Plaintiff still fails to state a claim upon which relief can be granted. Again, the Court ordered Plaintiff to respond to the Motion. Plaintiff filed a one sentence response, stating she opposed the motion and wished to continue this in the court of law.[13] Defendant did not reply, and the Motion is now ripe for decision.

## DISCUSSION

Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[14] Rule 10(b) further provides that the claims in a complaint must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."[15] In addition to these procedural requirements, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for

---

[12] Pl.'s Response to Court Order, [Doc. 25].

[13] Pl's Response, [Doc. 28].

[14] Fed. R. Civ. P. 8(a)(2).

[15] Fed. R. Civ. P. 10(b).

relief that is plausible on its face.'"[16] A claim is "facially plausible" when it is supported with facts that "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

To state a cognizable discriminatory termination claim in violation of Title VII, Plaintiff must demonstrate that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside her protected class or was treated less favorably than a similarly-situated individual outside his protected class.[18] While Plaintiff is not required to specifically plead these requirements in her amended complaint, she must "provide enough factual matter (taken as true) to suggest intentional race discrimination."[19]

Additionally, to prove Plaintiff was discharged in retaliation for complaining to human resources of discriminatory treatment, Plaintiff must show (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) a causal relationship exists between her protected activity (complaining to human resources) and the adverse action (her reduced work hours).[20] To establish she engaged in a protected activity, Plaintiff must show she opposed a practice forbidden under Title VII, such as race or sex discrimination, or she made a charge, testified, assisted, or participated in any

---

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[17] *Id.*
[18] *Maynard v. Bd. of Regents of Div. Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003).
[19] *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008).
[20] *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008).

5

manner in a Title VII investigation, proceeding, or hearing.[21]  Again, although Plaintiff is not required to specifically plead these requirements in her Complaint, she must provide enough factual matter (taken as true) to suggest retaliation.

Despite the Court providing her with two opportunities and giving clear instructions, Plaintiff still does not identify her protected class or statutorily protected activity.  Therefore, the Court finds Plaintiff fails to state a claim upon which relief can be granted, and Plaintiff's Amended Complaint is dismissed with prejudice pursuant to Rule 12(b)(6).[22]

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [Doc. 26] is **GRANTED**.

**SO ORDERED**, this 31ST day of January, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

[21] 42 U.S.C. § 2000e–3(a).
[22] *See England v. Hillsborough Comm. College*, 546 F. App'x 881, 885 (11th Cir. 2013).