IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FLORETTA RESPRESS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 5:15-CV-314 (CAR) |
| | : | |
| NAVICENT HEALTH, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER ON PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Before the Court is *pro se* Plaintiff Floretta Respress's Motion for Reconsideration of this Court's Order [Doc. 29] granting Defendant Navicent Health, Inc.'s Motion to Dismiss for Failure to State a Claim. In that Order, the Court dismissed Plaintiff's Title VII claims because Plaintiff failed to provide enough factual matter, taken as true, to suggest retaliation or intentional discrimination. Plaintiff now requests this Court to reconsider its Order and allow the case to continue through further Court proceedings. As explained below, Plaintiff's Motion for Reconsideration [Doc. 31] is **DENIED**.

### BACKGROUND

On January 31, 2017, this Court granted Navicent's Motion to Dismiss for Failure to State a Claim. Despite providing Plaintiff with two opportunities and giving clear instructions, Plaintiff still did not identify her protected class or statutorily protected activity to suggest a claim for retaliation or intentional discrimination under Title VII.

Thus, the Court found Plaintiff failed to state a claim upon which relief can be granted and dismissed Plaintiff's amended complaint with prejudice.

On February 23, 2017, Plaintiff filed the following letter with the Court:

> In your ruling, you stated that I am not in a protected class. I feel that I am in a protected class of people who are frequently being discriminated against at this organization. Please refer to *Causey v Navicent Health* Inc (5:15 cv-00230) and *Gordon v Navicent Health Inc (5:16-cv-00315)*. Both cases clearly show that discrimination is a habit for this organization.
>
> I would like to plead to the court to continue my case, since there is evidence this organization has discriminated against others in the past. Hence, I am a protected class. Please accept this letter as a request to carry this case through further court proceedings.[1]

Because the letter was filed over twenty-eight days after the entry of judgment, the Court will analyze this as a Motion for Reconsideration under Federal Rule of Civil Procedure 60, rather than Rule 59.[2]

## STANDARD OF REVIEW

"Rule 60(b) provides that upon motion, a court may relieve a party of a final judgment for, among other things, mistake in the judgement and newly discovered evidence."[3] Additionally, "[u]nder Rule 60(b)(6), a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional

---

[1] [Doc. 31].
[2] *See* Fed.R.Civ.P. 59(e); Fed. R. Civ.P. 60(c). Nonetheless, the Court notes Plaintiff's Motion would also be denied under Rule 59(e), as she did not provide any new evidence or identify any new law or legal error that would warrant reconsideration.
[3] *Enwonwu v. Trans Union, LLC,* 164 Fed. App'x 914, 919 (11th Cir. 2006) (citing Fed.R.Civ.P. 60(b)).

2

circumstances."[4]  However, Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[5]  Ultimately, "[w]hether to grant a motion for reconsideration is within the sound discretion of the district court."[6]

## DISCUSSION

The Court finds no basis under Rule 60(b) to reconsider its prior decision.  Plaintiff again does not identify her protected class or statutorily protected activity, nor does she explain how Navicent's alleged past discrimination shows she is in a protected class of individuals.  Plaintiff's contentions do not fall within any of the specific circumstances set out in Rule 60(b)(1)-(5), and Plaintiff has not made a showing that exceptional circumstances warrant relief under Rule 60(b)(6).[7]  Accordingly, Plaintiff's Motion for Reconsideration [Doc. 31] is **DENIED**.

**SO ORDERED**, this 12th day of May, 2017.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT

---

[4] *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (internal quotation marks omitted) (quoting *Griffin v. Swin-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).
[5] M.D. Ga., L.R. 7.6.
[6] *Hankerson v. Drew*, No. 1:13–cv–1790–WSD, 2014 WL 2808218, at *3 (N.D. Ga. June 20, 2014) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-806 (11th Cir. 1993)).
[7] *See Enwonwu*, 164 Fed. App'x at 919 (affirming denial of a motion for reconsideration where the movant did not show that the relief was warranted by the specific circumstances named in Rule 60(b)(1)-(5) or any other extraordinary circumstances per Rule 60(b)(6)).